IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY N. PIERCE, ) | |
| No. S13574, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00903-NJR |
| ) | |
| JERRY DeVORE, UNKNOWN ) | |
| FEMALE SHERIFF'S DEPUTIES, and ) | |
| UNKNOWN INMATES, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Anthony N. Pierce, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events surrounding an assault that occurred while he was housed at the Marion County Jail.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, while he was housed at the Marion County Jail, Plaintiff was assaulted by fellow inmates. He was punched in the face, thrown to the ground, and kicked repeatedly. Once the assailants left his cell and he had closed the cell door, Plaintiff attempted to summon help using an intercom system. Plaintiff explained to an unidentified female deputy sheriff that he had been assaulted. After "several minutes," a group of officers arrived. When asked why it had taken so long to respond, a male officer explained that two female officers in the control room had received his call over the intercom and they had to wait for more officers to come assist them. Plaintiff was then taken to the hospital, where he was diagnosed with a broken nose. Plaintiff was apparently told he would be seen by a doctor (presumably at the Marion County Jail), but he was transferred to the custody of the Illinois Department of Corrections before he was seen by a doctor or any investigation was conducted.

Plaintiff has brought suit against Sheriff DeVore, the two unidentified deputy sheriffs who were in the control room when he made his intercom call, and the three inmates who assaulted him. He seeks monetary damages for physical and mental pain and suffering caused by the failure to protect him from harm and by the denial of medical care.

**Discussion**

The complaint does not make clear whether Plaintiff was a pretrial detainee or a convict awaiting transfer to an Illinois Department of Corrections facility. That distinction determines the applicable constitutional standards. If Plaintiff was a pretrial detainee, his claims would arise under the Due Process Clause of the Fourteenth Amendment. *See Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.,* 675 F.3d 650, 664 (7th Cir. 2012)). *See also Klebanowski v. Sheahan,* 540 F.3d 633, 637 (7th Cir. 2008). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.' " *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan,* 196 F.3d 839, 845 n.2 (7th Cir. 1999)). Therefore, the Eighth Amendment will be referenced for purposes of this preliminary review.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST. amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials have a constitutional duty to protect inmates "from violence at the hands of other inmates." *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). Thus, the sort of physical attacks described in the complaint fall under the ambit of the Eighth Amendment.

Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical

needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Although the allegations in the complaint certainly touch upon Eighth Amendment concerns, the complaint, as pleaded, fails to state a viable claim.

Section 1983 is only applicable to those acting under color of law, such as prison officials. *See* 42 U.S.C. § 1983; *Henderson v. Pate*, 409 F.2d 507, 508 (7th Cir. 1969) (absent any evidence that an aggressor-inmate was acting under color of law, that inmate cannot be held liable under Section 1983). Therefore, the three inmates who attacked Plaintiff must be dismissed from this case. Because the complaint does not in any way suggest that the inmates were acting under color of law, dismissal will be with prejudice.

Relative to the other defendants, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections official must have acted with the equivalent of criminal recklessness. *Id*. at 836–37. As a preliminary matter, the complaint does not describe how any of the Marion County Jail officials could have protected Plaintiff in advance of the attack.

The allegations in the complaint that assistance was delayed because the two female deputy sheriffs who were in the control room when Plaintiff made his intercom call for help had to call in additional officers amounts to no more than negligence—there is nothing to suggest deliberate indifference. Therefore, no colorable claim has been stated against them, and the two female deputy sheriffs will be dismissed. Out of an overabundance of caution, dismissal shall be without prejudice.

Because personal involvement is required for liability to attach, the doctrine of *respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Thus, Sheriff DeVore cannot face liability merely because he is in charge of the Marion County Jail. Allegations that senior officials were personally responsible for creating the policies, practices, and customs that caused the constitutional deprivations can, however, suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). The complaint contains no allegations of a policy or practice or any other link between Sheriff DeVore and the events at issue. Sheriff DeVore will be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendants **JERRY DEVORE**, and **UNKNOWN FEMALE SHERIFF'S DEPUTIES** are **DISMISSED** without prejudice and **UNKNOWN INMATES** are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. On or before **October 10, 2014**, Plaintiff shall file an amended complaint. Failure to file an

amended complaint will result in this action being dismissed with prejudice. Any amended complaint will undergo a preliminary review pursuant to 28 U.S.C. § 1915.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Because the Court is awaiting Plaintiff's trust fund account statement, his motion for pauper status (Doc. 2) and the collection of the filing fee will be addressed by separate order.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED:  September 9, 2014

Digitally signed by Nancy J Rosenstengel

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**