IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY N. PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-00903-NJR |
| | ) | |
| JERRY DeVORE, | ) | |
| UNKNOWN FEMALE DEPUTY #1, | ) | |
| UNKNOWN FEMALE DEPUTY #2, | ) | |
| UNKNOWN INMATE #1, | ) | |
| UNKNOWN INMATE #2, and | ) | |
| UNKNOWN INMATE #3, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Anthony N. Pierce was, at all relevant times, an inmate housed in the Marion County Jail while awaiting sentencing. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to events at the jail. At some point Pierce was transferred from the jail to a state correctional center, but he was recently released from prison.

Plaintiff's initial complaint was dismissed without prejudice (Doc. 6). The amended compliant (Doc. 11) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

According to the amended complaint, while he was housed at the Marion County Jail, Plaintiff Pierce was assaulted by three fellow inmates—two identified as having arrived from Cook County, and the other as being from Marion County. He was punched in the head and face, thrown to the ground, and kicked repeatedly. Once the assailants left his cell and he had closed the cell door, Plaintiff attempted to summon help using an intercom system. Plaintiff explained to an unidentified female deputy sheriff that he had been assaulted. After "several minutes," a group of officers arrived.

When asked why it had taken so long to respond, a male officer noted that, in addition to Plaintiff's call over the intercom, another inmate had alerted the control room when the fight commenced. It was further explained that the two female officers in the control room had to wait for more officers to come assist them.

Plaintiff was taken to the hospital, where he was diagnosed with a broken nose. Plaintiff was apparently told he would be seen by a doctor, but he instead was returned to the jail and seen by the jail's doctor. There was never any investigation into the assault and delay in sending help.

Instead, Plaintiff was transferred from the jail to the custody of the Illinois Department of Corrections.

Plaintiff has brought suit against Sheriff DeVore, the two unidentified deputy sheriffs who were in the control room when he made his intercom call, and the three inmates who assaulted him. He seeks monetary damages for physical and mental pain and suffering caused by the failure to protect him from harm and the denial of medical care.

## Discussion

The amended complaint differs very little from the original complaint. It is now clear that the problem is not in the pleading of the underlying facts and claims, it is that the claims fail as a matter of law.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST. amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials have a constitutional duty to protect inmates "from violence at the hands of other inmates." *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). Thus, the sort of physical attacks and delayed reaction described in the complaint fall under the ambit of the Eighth Amendment.

Prison officials also can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further

significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Although the allegations in the complaint certainly touch upon Eighth Amendment concerns, the complaint fails to state any viable constitutional claim.

Section 1983 is only applicable to those acting under color of law, such as prison officials. *See* 42 U.S.C. § 1983; *Henderson v. Pate*, 409 F.2d 507, 508 (7th Cir. 1969) (absent any evidence that an aggressor-inmate was acting under color of law, that inmate cannot be held liable under Section 1983). Therefore, the three inmates who attacked Plaintiff must (again) be dismissed. Because the complaint does not in any way suggest that the inmates were acting under color of law, their dismissal from this Section 1983 case will be with prejudice. The Court offers no opinion regarding the viability of a state law case.

Relative to the other defendants, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections official must have acted with the equivalent of criminal recklessness. *Id*. at 836–37.

The allegations in the amended complaint that assistance was delayed because the two female deputy sheriffs had to call in additional officers amounts to no more than negligence;

there is nothing to suggest deliberate indifference. Therefore, no colorable claim has been stated against them, and the two female deputy sheriffs will be dismissed with prejudice.

Because personal involvement is required for liability to attach, the doctrine of *respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Thus, Sheriff DeVore cannot face liability merely because he is in charge of the Marion County Jail. Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations can, however, suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc*., 305 F.3d 603, 615 (7th Cir. 2002). The amended complaint contains no allegations of a policy or practice or any other link between Sheriff DeVore and the events at issue. Sheriff DeVore will be dismissed with prejudice.

Relative to the claim that Plaintiff was denied medical care, the amended complaint states, "The hospital stated that, I had a broken nose and was saposed to see a doctor and never seen him. I only seen the doctor after the assault, after coming from the hospital." [sic] (Doc. 11, p. 7). The decision to return Plaintiff to the jail, rather than have a doctor at the hospital treat him, is not attributed to any of the defendant prison officials. Therefore, Plaintiff's medical claim will be dismissed. Because Plaintiff has had two opportunities to plead a viable claim, dismissal shall be with prejudice. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (leave to amend need not be granted when a party has had multiple opportunities to amend but failed to cure a defective claim).

### Motion for Counsel

Plaintiff has moved for recruitment of counsel (Doc. 3), prompting the question: Could an attorney save the case from dismissal?

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as a plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff asserts that he has sought representation, but he offers no details. He indicates that he has a high school education, although he took special education classes because he had attention deficit disorder. In addition, he currently takes the antidepressant Prozac. Plaintiff's limited education and attention deficit give the Court pause. His depression is being treated with

medication, however, and he does not indicate that it is adversely affecting him. In any event, the claims that Plaintiff is making are not factually or legally complicated, and the amended complaint clearly presents the allegations. The problem is that the claims fail on their legal merits, whether they are presented by Plaintiff *pro se* or by an attorney. Thus Plaintiff's motion for recruitment of counsel (Doc. 3) will be denied, and final judgment closing this case will enter.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, all claims against all Defendants are **DISMISSED with prejudice**. Final judgment shall be entered accordingly, and the Clerk of Court shall close this case. This dismissal shall count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

The Clerk of Court is **DIRECTED** to ensure that the record reflects the unidentified defendants as they are listed in the caption of this order.

**IT IS SO ORDERED.**

**DATED: March 4, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**